UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AZIM AZIZ and KINA AZIZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-934-CEJ |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to dismiss Counts II, III, and IV of plaintiffs' complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiffs have responded, and the issues are fully briefed.

### I. Background

Azim Aziz and Kina Aziz owned a house in St. Louis, Missouri. On May 12, 2006, a fire destroyed the house and its contents. Plaintiffs had a homeowner's insurance policy issued by defendant Allstate Insurance Company that was in effect at the time of the fire. They filed a claim under the policy which the defendant denied.

In the complaint, plaintiffs assert the following state law claims: (Count I) breach of contract; (Count II) negligent misrepresentation; (Count III) specific performance; (Count IV) unjust enrichment; and (Count V) vexatious refusal to pay. The case was removed to this court pursuant to 28 U.S.C. § 1332. Defendant now moves to dismiss Counts II, III, and IV.

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

**III.     Discussion**

**A. Count II: Negligent Misrepresentation**

In Count II, plaintiffs allege that Allstate breached the policy "and/or acted negligently" by failing to pay their claim under the policy, failing to provide reasonable grounds for denying the claim, and failing to deal with plaintiffs in good faith.

Negligent misrepresentation is a tort under Missouri law. *Children's Wish Found. Int'l, Inc. v. Mayer Hoffman McCann, P.C.*, 331 S.W.3d 648, 652 (Mo. 2011)

(en banc). "Missouri's iteration of the economic loss doctrine 'prohibit[s] a plaintiff from seeking to recover in tort for economic losses that are contractual in nature.'" *Elkhart Metal Fabricating, Inc. v. Martin*, 14-CV-00705-JCH, 2014 WL 2972709, at *2 (E.D. Mo. July 1, 2014) (quoting *Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.*, 332 S.W.3d 184, 192 (Mo. Ct. App. 2010)). To resolve whether the economic loss doctrine applies, the Court must determine "both whether the loss is purely economic and whether the action brought is contractual or tortious in nature." *Id.* Where a defendant's alleged "act breaches a duty that exists only under [a] contract, the only avenue for recovery is a breach of contract action." *Id.* (citing *Khulusi v. Sw. Bell Yellow Pages, Inc.*, 916 S.W.2d 227, 230 (Mo. Ct. App. 1995)).

Plaintiffs' claim of negligent misrepresentation is based upon Allstate's alleged breach of the insurance contract and plaintiffs' alleged losses are purely economic. Moreover, Allstate's duties to plaintiffs arise from the contractual relationship and the claim of negligent misrepresentation is based on a duty that exists only by reason of the contract. Thus, Missouri's economic loss doctrine applies and plaintiffs cannot maintain a claim for negligent misrepresentation. Count II will be dismissed.

### B. Count III: Specific Performance
### Count IV: Unjust Enrichment

Plaintiffs seek specific performance of the policy and also claim that Allstate has been unjustly enriched by failing to pay on the policy. Specific performance is an equitable remedy. *Metro Motors v. Nissan Motor Corp. in U.S.A.*, 339 F.3d 746, 753 (8th Cir. 2003); *Seabaugh v. Keele*, 775 S.W.2d 205, 207 (Mo. Ct. App. 1989) (citing *Hoover v. Wright*, 202 S.W.2d 83, 86 (Mo. 1947)). Also, unjust enrichment

is an equitable claim. *Affordable Communities of Missouri v. Fed. Nat'l Mortgage Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013) (citing *Reyner v. Crawford*, 334 S.W.3d 168, 174 (Mo. Ct. App. 2011)). "[A] plaintiff may not recover under both an express contract and unjust enrichment." *Id.* (quotations and citations omitted). Equitable remedies are only available where the remedy at law, money damages, would not adequately compensate the plaintiff. *Id.*; *Doe 1631 v. Quest Diagnostics, Inc.*, 395 S.W.3d 8, 16 (Mo. 2013) (en banc).

An adequate remedy at law exists where a plaintiff "would be fully compensated for her alleged injuries through damages on her claims for breach of contract and vexatious refusal to pay." *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 871–72 (W.D. Mo. 2012); *see also Amerisure Mut. Ins. Co. v. Maschmeyer Landscapers, Inc.*, 4:06-CV-1308-CEJ, 2007 WL 2811080 (E.D. Mo. Sept. 24, 2007). Here, plaintiffs would be fully compensated for their alleged injuries through damages on their breach of contract and vexatious refusal to pay claims. Therefore, plaintiffs have an adequate remedy at law, and the equitable remedies of specific performance and unjust enrichment are unavailable. Counts III and IV will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Counts II, III, and IV [Doc. #6] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2015.