IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AZIM AZIZ, KINA AZIZ<br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No. 4:14-cv-934<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S TRIAL BRIEF**

COMES NOW Plaintiff's Azim and Kina Aziz ('Plaintiff's), by and through counsel Jerryl T. Christmas, pursuant to this court's Case Management Order dated April 7, 2015, for its Trial Brief and states as follows:

**I.  Case Background**

Plaintiff's purchased a homeowners insurance policy from Allstate Insurance Company for their residence located at 4931 Claxton Avenue, St. Louis, Mo 63120. The terms of Plaintiffs insurance coverage on the dwelling was a liability limit of Sixty Thousand ($60,000.00) dollars and on the Personal Property the liability limit was Thirty Thousand ($30,000.00) dollars.

On May 12, 2006 Plaintiffs home was burglarized and set on fire. As a result of the fire the house and their personal belongings sustained severe burn and smoke damage. Plaintiffs immediately notified Allstate Insurance Co of the fire and the damage to their home. Allstate opened a claim for Plaintiffs loss pursuant to their coverage.

An Investigation of the fire resulted in the arrest and conviction of Frederick Maxie for Arson 2nd degree and Burglary 2nd degree in St. Louis City Circuit Court.

Plaintiffs cooperated with Allstate's request for information and gave both recorded and sworn statements. Allstate was unable to show any collusion between the Plaintiffs and the Defendant who set fire to their residence. After a year of investigation Allstate denied Plaintiffs claim. Allstate claimed Plaintiffs concealed and misrepresented material facts regarding their personal property loss. The Plaintiffs claim for personal property damage exceeded their policy limit of Thirty Thousand Dollars.. Allstate never attempted to mediate the property damage claim or pay the policy limit on the property damage. It is unclear what value Allstate placed on the personal property loss but the estimate from Allstate on the repair replacement cost for the dwelling was Sixty Six Thousand Seventy Six ($66,076.00) dollars. Instead of making any payment on the dwelling to Plaintiffs, Allstate cruelly denied both claims for damage to the Personal Property and the Dwelling.

Plaintiffs deny any assertion by Allstate they intentionally attempted to conceal or misrepresent any material facts related to their claim of loss. On January 16, 2008 Attorney Ryan M. Smith representing the Plaintiffs sent a letter to Mr. Timothy Wolf counsel for Allstate requesting Allstate make payment under and in accordance with the terms and provisions of the contract of insurance. Allstate refused to make any payment to Plaintiffs after the denial of their claim for damages.

Plaintiff's filed suit against Allstate in St. Louis Circuit Court and Allstate removed the case to this court. Plaintiffs allege the following claims against Allstate. Breach of Contract and Vexatous refusal to pay.

## II. Legal and Factual Issues

### a.) Breach of Contract

There is no dispute Allstate issued a contract to Plaintiffs to insure the property for damages including fire located at 4931 Claxton Ave, St. Louis, Missouri 63120. The property was damaged by fire on May 12, 2006 and at the time of the fire the policy was in effect. This is the evidence necessary to prove a breach of contract claim. Travers v. Universal Fire & Casuality Insurance Co., 34 S.W.3d 156 (Mo. App.2000)

### b.) Vexations Refusal to Pay

Plaintiff alleges Allstate refused to pay their claim without reasonable cause or excuse pursuant to §375.296 RSMo. and §375.420 RSMo.

The amount permitted for vexatious refusal damages is explained in §375.420 RSMo. (1994) The plaintiffs are allowed damages"not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars".

Plaintiffs are entitled to recover a reasonable attorney fee which is not mandatory the jury has discretion in the decision to award attorney fees. §375.420 RSMo. (1994) Dewitt v. American Family Mutual Ins. Co., 667 S.W. 2d 700 (Mo. 1984)

Plaintiffs are entitled to recover damages for interest on the amount owed by Allstate Insurance Company. §375.420 RSMo. (1994) Interest will be assessed on the amount owed from the time the proof of claim is made and insurer neglected or refused to pay the policy. Sherifrim v. Hawkeye Cas. Co., 85F. Supp. 84 (W.D. Mo 1949). The interest award is not contingent on the award of vexatious damages. The interest is calculated as pre-judgment interest. Catron v. Columbia Mut. Ins. Co., 723 S.W. 2d 5 (Mo.1987).

### III. Issue of Fact for the Jury

Allstate is basing their denial of Plaintiffs claims on the assumption Plaintiffs knowingly intended to conceal or misrepresent a material fact or circumstance. The jury will have to determine if that argument is factual and if Allstate's denial was with reasonable cause.

In addition the jury will decide the amount of loss sustained by the Plaintiffs for the dwelling and for personal property.

### IV. Additional Legal Issues

Plaintiffs anticipate that there will be additional legal issues related to evidence admissible at trial. Plaintiff will consult with Counsel for Allstate and raise any additional issues through Motions in Limine which will be filed under separate cover.

**WHEREFORE**, Plaintiffs Aziz and Kina Azim pray this court enter judgment in their favor and against Defendant Allstate Insurance Co, for its costs, interests and attorneys fees and for such other and further relief as this court deems just and proper.

Respectfully Submitted,

/s/ Jerryl T. Christmas
Jerryl T. Christmas, #45370MO
6101 Delmar Blvd, Suite A
Saint Louis, Missouri 63112
Phone: (314) 361-2500
Fax :    (314) 361-2525
Christmaslaw@yahoo.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 12th day of July, 2016 to:

Robert L. Brady, #47522MO
Stacy R. McCullough, #65023MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
(314) 421-3400
(314) 421-3128 Fax
rbrady@bjpc.com
smccullough@bjc.com
**Attorneys for Defendant**